CLD-098                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3250
_____

ZOE VICTORIA PARKER,
                    Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-01910)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2017
Before:  FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

       Zoe Victoria Parker appeals from the judgment of the United States District Court

for the Eastern District of Pennsylvania.  We will summarily affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we describe its history only briefly. In April 2015, Parker filed a pro se complaint against her former employer, the United States Department of Veterans Affairs ("VA"), and Robert A. McDonald, Secretary of Veterans Affairs. Parker alleged race and national origin discrimination, disability discrimination, and reprisal for protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 et seq., arising from her removal from employment at the Coatesville Veterans Affairs Medical Center ("VAMC") and related disciplinary actions.[1]

Parker's claims arise primarily from the disciplinary actions that the VA took after three incidents that occurred between Parker and a co-worker, Recreation Therapist Denise Holmes, on June 23, 2011. The first incident led to Parker and Holmes filing reports of patient abuse against each other. The second and third incidents involved Parker allegedly making sexually inappropriate comments to Holmes in the laundry room, and making derogatory comments about Holmes to a patient in the sun room. The VA empaneled an Administrative Investigation Board ("AIB") to investigate these

---

[1] This consolidated action consists of what Parker initially filed as three different Title VII lawsuits, regarding: (1) her removal from VA employment effective in late 2012 (Case No. 15-cv-01910); (2) discrimination against her on the basis of race and/or national original and in reprisal for prior protected EEO activity when certain actions were taken against her in 2011 (Case No. 15-cv-04467); and (3) the dismissal of her EEO claim regarding her removal (Case No. 16-cv-00774), which was dismissed because it merged, at Parker's election, with her Merit Systems Protection Board appeal.

allegations and several others. The AIB found, among other things, that Parker violated the VA's patient Abuse and Employee/Patient Boundaries policy by involving a patient in an on-going staff disagreement, excessively disclosing personal information to a patient in violation of VA policy, and sending inappropriate emails. As a result, Parker was fired on November 2, 2012. She unsuccessfully appealed to the Merit Systems Protection Board ("MSPB").

In June 2015, McDonald filed a motion for partial dismissal, arguing that Parker had failed to exhaust her administrative remedies with regard to her "failure to accommodate" disability claim. By order entered on July 28, 2015, the District Court granted McDonald's motion for partial dismissal, concluding that Parker had failed to properly exhaust available administrative remedies on her disability claim. The District Court also dismissed the VAMC as a party, explaining that the only proper defendant in a Title VII action brought by a federal employee is the head of the employing department.[2]

In April 2016, McDonald filed a motion for summary judgment, which the District Court granted because although Parker had established a prima facie retaliation claim, the VA had articulated legitimate, non-discriminatory reasons for the alleged adverse actions, and Parker had failed to demonstrate that those reasons served as pretext for retaliation. The District Court further determined that Parker had not established prima facie claims of race and national origin discrimination and hostile work environment. Parker appeals,

---

[2] See 42 U.S.C. § 2000e-16(c) ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant.").

alleging that the District Court "shifted all the burden to me; instead, of looking at how the Merit System Protection Board botched my case." Appellee has filed a motion for summary affirmance.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over a district court order for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.

Because Parker did not specifically indicate which incidents provided the basis for her claims, the District Court reviewed all claims set forth in the three EEO cases she filed after the June 23, 2011 incident. These claims must be analyzed under the burden-

shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

Under this framework, a plaintiff seeking to establish a prima facie case of retaliation under Title VII must show: (1) that she engaged in a protected activity, which can include informal protests of discriminatory employment practices such as making complaints to management; (2) "adverse action by the employer either after or contemporaneous with the employee's protected activity"; and (3) a causal connection between the protected activity and the adverse action. Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015). If a prima facie case is established, the burden of production shifts to the employer to present a legitimate, non-discriminatory reason for its actions. Id. If such a reason is offered, the burden shifts back to the plaintiff to demonstrate that the reason was merely pretext "and that retaliation was the real reason for the adverse employment action." Id. Although the burden of production shifts, "the plaintiff has the ultimate burden of persuasion at all times." Id.

We agree with the District Court that while Parker established a prima facie claim of retaliation with regard to some of her allegations, she failed to present any evidence that the VA's legitimate, non-discriminatory reasons for the adverse actions alleged were pretext for retaliation. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) ("[T]he non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of

5

credence.'") To show pretext, Parker relied largely on allegations that her supervisors conspired to remove her from service and engaged the help of others to justify their actions, including the AIB, which conspired to "botch" the investigation. However, she failed to provide any direct evidence of these alleged conspiracies. While Parker alleged that a similarly situated employee named R.F. was given better treatment in an AIB investigation, as the District Court explained, R.F. was subjected to nearly the same AIB procedures as Parker. The fact that R.F. was cleared of the charges by the AIB, while Parker's were sustained, does not without more demonstrate that she was treated differently. Parker also relied on alleged errors in the agency's procedures, but as the District Court further explained, there are at most "minor discrepancies" that, even if true, could not undermine the findings of the AIB and the VA's proffered reasons for the adverse actions taken against Parker.

We also agree with the District Court's conclusion that Parker failed to demonstrate pretext concerning the non-discriminatory reasons provided by the VA for the actions that preceded her removal. Regarding the email abuse reprimand and the loss of her computer privileges, Parker claimed that she received contradictory instructions. However, the record contained several directives that she stop sending widespread emails about her case. As for the First Proposed Removal, Parker complained that the VA credited the testimony of other employees over her own but failed to provide evidence that the allegations were false or that it was unreasonable to believe the consistent testimony of multiple other employers over her own. Parker has also failed to provide

6

any evidence that her leave requests were denied for any reasons other than those given by the VA – i.e., declining to grant Parker's one year FMLA request because the statutory period is only twelve weeks and refusing to grant eighteen days of advance leave because the VA was unsure of Parker's future employment status. Finally, Parker has not demonstrated that the VA's response to her return to work on September 19, 2012, including a police escort to HR and placement on Paid Non-Duty Status, was motivated by anything other than her disruptive behavior on that day and the wish to avoid further conflict until the Second Proposed Removal was decided. Accordingly, the District Court properly granted summary judgment for McDonald as to Parker's retaliation claim.

IV.

We are equally unpersuaded by Parker's race and national origin discrimination claims. To establish a prima facie case of race or national origin discrimination, an employee must show that "(1) [she] is a member of a protected class; (2) [she] was qualified for the position [she] sought to attain or retain; (3) [she] suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).

Here, with regard to the fourth factor,[3] we agree with the District Court's conclusion that Parker failed to provide support beyond mere suspicion for the inference

_____

[3] There is no dispute that Parker is black and of Liberian national origin, that she was qualified for her position as a social work associate, or that she suffered at least one

7

that any of the alleged adverse actions taken against her were motivated by her race or national origin. During her AIB testimony, Parker stated that "the black people call me African girl," and discussed her belief that "the slave mentality in Coatesville is too heavy," but failed to give any examples of national origin-based slurs or comments made by specific VA staff members, or that this bias motivated the adverse actions she alleged. Moreover, in her deposition for this case, Parker repeatedly refused to specifically identify any evidence of race or national origin discrimination, responding only vaguely that the papers "are my evidence," "you have the evidence folders," "I come up with the evidence," and that she would "leave it up to the jury." As a result, the District Court properly granted summary judgment for McDonald as to this issue.[4]

V.

For the foregoing reasons, we grant McDonald's motion for summary action and will summarily affirm the judgment of the District Court.

---

adverse action. The District Court noted that while Parker did not include her removal as an adverse action in the only EEO complaint in which she complained of race and national origin discrimination, she did name her two-week suspension, which we have held to be an adverse action. See Weston v. Pennsylvania, 251 F.3d 420, 431 (3d Cir. 2001).

[4] Finally, we agree with the District Court's conclusion that Parker could not establish a hostile work environment claim. Applying the five-part test set forth in Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013), the District Court determined that Parker failed to provide evidence that the actions she alleged were intentional discrimination based on her race, national origin, or prior EEO activity. Although, she made out a prima facie case of Title VII retaliation, the VA articulated legitimate non-discriminatory reasons for each of its adverse actions, and Parker failed to demonstrate that those reasons served as pretext for retaliation.